# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Statesboro Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Adversary Proceeding |
| LYNNDALE FARMS ) | |
| (Chapter 12 Case Number <u>08-60264</u>) ) | Number <u>09-6019</u> |
| ) | |
| *Debtor* ) | |
| ) | |
| ) | |
| ) | |
| BRANCH BANKING ) | |
| AND TRUST COMPANY ) | **FILED** |
| ) | Samuel L. Kay, Clerk |
| *Plaintiff* ) | United States Bankruptcy Court |
| ) | Savannah, Georgia |
| ) | By lbarnard at 5:29 pm, Aug 19, 2010 |
| v. ) | |
| ) | |
| LYNNDALE FARMS ) | |
| CYNTHIA LYNN ) | |
| LOIS LYNN ) | |
| ) | |
| *Defendants* ) | |

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### FINDINGS OF FACT

On December 15, 2009, Branch Banking & Trust Company ("BB&T"), commenced an adversary proceeding against Debtor Lynndale Farms and the two individuals that are the partners thereof, Cynthia Lynn ("Cynthia") and Lois Lynn (together "Defendants"). BB&T moved this Court for summary judgment on June 2, 2010. This Court adopts the facts as asserted by BB&T in its June 2, 2010, Motion for Summary Judgment.

Dckt. No. 35.[1] The motion makes a recitation of facts with citations to the evidentiary record in this case and in the main Chapter 12 case. Those undisputed facts are sufficient to establish that Cynthia never filed an answer to this adversary proceeding;[2] that she participated in a closing in which it was understood by all parties that BB&T would be granted a first priority lien; that she, as a partner of Debtor partnership, sought confirmation of a plan which recognized BB&T as a holder of a first priority security interest on the Wilbur Tract; that she never ensured that Debtor listed her alleged security deed in the tract on its bankruptcy schedules; and that she failed to respond to BB&T's Motion for Summary Judgment.[3]

## CONCLUSIONS OF LAW

### Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable in adversary proceedings. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that

---

[1] With the following noted corrections:
(1) Plaintiff's security deed is located in the record at Case No. 08-60264, Dckt. No. 93-2.
(2) This Court's Order on Motion to Modify the Automatic Stay is located in the record at Case No. 08-60264, Dckt. No. 116.
(3) This Court's Order Granting Preliminary Injunction is located in the record at Case No. 09-06019, Dckt. No. 8.
(4) This Court's Scheduling Order is located in the record at Case No. 09-06019, Dckt. No. 28
(5) Testimony of Cynthia Lynn, Transcript of Hearing is located in the record at Case No. 09-06019, Dckt. No. 29.

[2] On January 4, 2010, Debtor Lynndale Farms filed a response to BB&T's Complaint, asserting that Debtor had no remaining interest in the property, and noting that counsel for Debtor did not represent the individuals named in the complaint.

[3] On June 23, 2010, Debtor Lynndale Farms filed a response to BB&T's Motion for Summary Judgment. Response, Dckt. No. 41. However, the response did not dispute any of BB&T's factual allegations, and simply averred that Lynndale Farms had no interest in the property at issue, and that BB&T was not entitled to summary judgment against Lynndale Farms.

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *See* Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party has the burden of demonstrating that there is no dispute as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970).

> Once this burden is met, the nonmoving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party.

In re Williamson, 414 B.R. 895, 899 (Bankr. S.D. Ga. 2009) (Davis, J.) (citing In re Davis, 374 B.R. 362, 364 (Bankr. S.D. Ga. 2006) (Davis, J.)).

In the instant case, BB&T has carried its burden of demonstrating that no genuine issue of material fact exists. BB&T cited the evidentiary record for every factual allegation relied upon. Cynthia's failure to respond is reason enough to grant the motion procedurally under Federal Rule 56(c)(1)(B), but it is also a substantive failure to "present specific facts that demonstrate that there is a genuine dispute over material facts." Id. Therefore I hold that the Motion is also meritorious on the facts in the record.

BB&T has demonstrated that there is no genuine issue of material fact. This Court adopts the reasoning and legal conclusions presented by BB&T in its June 2, 2010,

Motion for Summary Judgment. The doctrine of judicial estoppel is controlling in this case. Because Cynthia sat by and allowed BB&T to believe that it was obtaining a first priority security interest on the Wilbur Tract at closing, because she never revealed her alleged interest in the property on Debtor's bankruptcy schedules, and because she sought confirmation of a plan which recognized as valid BB&T's first priority security interest in the Wilbur Tract, Cynthia is judicially estopped from taking any position inconsistent with that in future judicial proceedings. *See* O.C.G.A. § 51-6-4(b); O.C.G.A. § 24-3-36; <u>Battle v. Liberty Mut. Fire Ins. Co.</u>, 276 Ga. App. 434 (2005); <u>Robinson v. Tyson Foods, Inc.</u>, 595 F.3d 1269 (11th Cir. 2010). Accordingly, BB&T holds a first priority security interest on the Wilbur Tract.

## ORDER

For the reasons stated in BB&T's Motion for Summary Judgment, IT IS THE ORDER OF THIS COURT that BB&T's Motion for Summary Judgment is GRANTED. BB&T's Security Deed dated February 24, 2005, recorded April 1, 2005, in Book 488, Page 301, Tattnall County records, is recognized as a first priority security interest against all claims of Defendants in this proceeding.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 18th day of August, 2010.